# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**BRETT L. CANDELARIA,**

      **Petitioner,**

**vs.**                        **No. CIV 97cv0416 BB/JHG**

**TIM LEMASTER, Warden,**

      **Respondent.**

## MAGISTRATE JUDGE'S AMENDED PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Petitioner (Candelaria's) Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Candelaria, currently in state custody, attacks the Judgment and Sentence imposed in the case styled *State of New Mexico v. Brett L. Candelaria*, and numbered CR 93-249, Eleventh Judicial District Court, County of San Juan, State of New Mexico. The United States Magistrate Judge, having considered the arguments, pleadings, record proper, relevant law, and being otherwise fully informed, finds the Petition for a Writ of Habeas Corpus is without merit and recommends that it be DENIED.

On January 11, 1993, Candelaria was charged by criminal complaint with three counts of criminal sexual penetration of a minor and two counts of criminal sexual contact of a minor. Record Proper (RP) at 8. On May 19, 1993, Candelaria was charged by criminal information with three counts of criminal sexual penetration of a minor, contrary to NMSA 1978, § 30-9-11, and two counts of criminal sexual contact of a minor, contrary to NMSA 1978, § 30-9-13. RP at 1.

Trial was set for December 13-15, 1993. RP at 50. On December 10, 1993, Candelaria's

original attorney, Scott Curtis, moved to continue the trial. RP at 63-64. This motion was granted on December 13, 1993. RP at 65-66. On December 23, 1993, the Supreme Court of New Mexico granted an extension of time for the commencement of trial to June 8, 1994. RP at 67. Trial was reset for April 4-6, 1994. RP at 74.

On March 30, 1994, Candelaria pleaded no contest before the Honorable Benjamin S. Eastburn to four counts of criminal sexual contact of a minor pursuant to a plea and disposition agreement. RP at 90-94. On March 31, 1994, an amended criminal information was filed charging Candelaria with the four counts of criminal sexual contact of a minor in violation of NMSA 1978, § 30-9-13, as provided by the plea agreement. RP at 95-97.

On April 22, 1994, the district attorney filed a notice of intent to aggravate sentence. RP at 100-101. On May 3, 1994, Candelaria, through Mr. Curtis, filed a motion to withdraw his plea. RP at 103-104. In the motion, Mr. Curtis proffered that his actions in convincing Candelaria to accept the no contest plea might have been overbearing considering Candelaria's young age (twenty-two years) and possible lack of understanding of the proceedings. RP at 104.

On June 14, 1994, Kevin Hale entered his appearance on behalf of Candelaria, replacing Mr. Curtis. RP at 110. On July 15, 1994, the Honorable Paul R. Onuska held an evidentiary hearing. RP at 112. At the evidentiary hearing, the district attorney presented the testimony of Judge Eastburn. Transcript of Hearing of July 15, 1994 (Tr.) at 3. Candelaria presented his own testimony, as well as that of Mr. Curtis. Tr. at 9; 32. At the close the hearing, Judge Onuska denied the motion to withdraw the plea, but ruled the sentence could not be aggravated.

On November 29, 1994, Candelaria was sentenced to three years incarceration on each of the four counts, to be followed by two years parole. RP at 116-119. The court ordered a total term of

twelve years incarceration, suspended all except four years, and imposed five years probation, with the terms and conditions of probation serving as the terms and conditions of the suspended sentence. *Id.*

On February 10, 1995, Candelaria filed a motion to reconsider sentence. RP at 122-123. The state district court denied this motion on February 17, 1995. RP at 124. Candelaria did not file a direct appeal.

On December 30, 1996, Candelaria filed a state petition for a writ of habeas corpus alleging his plea was involuntary because he did not understand it, he was coerced by his counsel to accept the plea and he received ineffective assistance of counsel. RP at 125-127. The state district court denied the habeas corpus petition on January 23, 1997. RP at 140. Candelaria filed a petition for a writ of certiorari with the Supreme Court of New Mexico. Answer, Exhibit M. The petition for a writ of certiorari was denied on March 5, 1997. RP at 141.

Candelaria filed his federal habeas corpus petition on March 28, 1997. In his brief in support of his petition, Candelaria argues his plea was involuntary because Mr. Curtis coerced him to accept it and he did not understand its terms. Candelaria also argues Mr. Curtis rendered ineffective assistance of counsel because he coerced him to accept the plea and failed to adequately investigate the case.

Respondent conceded, and this Court finds, Candelaria has exhausted his state court remedies with respect to the issues raised herein. The Antiterrorism and Effective Death Penalty Act (AEDPA) applies to this case because it was filed after April 24, 1996. *Lindh v. Murphy*, 117 S.Ct. 2059 (1997). The AEDPA imposed a one year period of limitation to § 2254 proceedings. 28 U.S.C. § 2244(d). Respondent conceded, and this Court finds, the petition is timely under the AEDPA.

Candelaria has not requested an evidentiary hearing in this Court. The state court held an evidentiary hearing on Candelaria's claims. Thus, Candelaria did not fail to develop the factual basis of his claims in state court. *Miller v. Champion*, _____ F.3d _____,1998 WL 811780, *3-4 (10th Cir. Nov. 24, 1998)(pre-AEDPA standards apply where petitioner did not fail to develop factual basis in state court); 28 U.S.C. § 2254(e)(2). However, Candelaria has failed to make allegations which, if proven, would entitle him to relief. *Medina v. Barnes*, 71 F.3d 363, 366 (10th Cir. 1995). Therefore, a federal evidentiary hearing is neither appropriate nor required in this case.

Respondent argues the state trial court's findings the plea was voluntary and Candelaria received effective assistance of counsel are entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). The AEDPA increased the deference afforded the factual findings and legal determinations of state courts. *Houchin v. Zavaras*, 107 F.3d 1465, 1470 (10th Cir. 1997). The AEDPA provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States, or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

28 U. S. C. § 2254(d)(1) and (2).

The AEDPA, unfortunately, provides no further illumination about the intended meaning of the terms and as a result there is a split among the circuits construing this section. Some circuits have held that AEDPA imposes a very high standard of deference. *See Neelley v. Nagle*, 138 F.3d 917

(11th Cir. 1998), *petition for cert. filed*, ____ U.S.L.W ____,(Aug. 17, 1998) (No. 98-6528); *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied*, ____ U.S. ____,117 S. Ct. 1114, 137 L.Ed.2d 315 (1997)(*overruling on other grounds recognized by United States v. Carter*, 117 F.3d 262, 264 (10th Cir. 1997)), *cert. denied,* ___ U.S. ____, 117 S.Ct. 1114, 137 L.Ed.2d 315 (1997); *Green v. French*, 143 F.3d 865, 870 (4th Cir. 1998)*, petition for cert. filed*, ____ U.S.L.W. _____, (Oct. 7, 1998)(No. 98-7096). Other courts have held that the level of deference cannot be so high so as to interfere with the federal court's power to decide cases. *See O'Brien v. DuBois*, 145 F.3d 16 (1st Cir. 1998).

The Tenth Circuit employed the standard set forth in *Drinkard* in *White v. Scott*, 141 F.3d 1187 (table), 1998 WL 165162, *2 (10th Cir. April 9, 1998). Although this is an unpublished decision, the Court finds it appropriate to employ the same standard:

> An application of law to facts is unreasonable only when it can be said that reasonable jurists considering the question would be of one view that the state court ruling was incorrect. In other words, we can grant habeas relief only if a state court decision is so clearly incorrect that it would not be debatable among reasonable jurists.

*White v. Scott*, 1998 WL 165162 at *2; *Drinkard v. Johnson*, 97 F.3d at 769.

Candelaria argues his plea was involuntary because Mr. Curtis coerced and intimidated him into to accepting it. The fact that an attorney strongly urges a client to accept a plea does not render the plea involuntary. *Boykin v. Alabama*, 395 U.S. 238, 242-244, 89 S.Ct. 1709, 1711-1712, 23 L.Ed.2d 274 (1969); *Miles v. Dorsey*, 61 F.3d 1459, 1470 (10th Cir. 1995), *cert. denied,* 516 U.S. 1062, 116 S.Ct. 743, 133 L.Ed.2d 692 (1996). At the plea hearing, Candelaria signed a document entitled "No Contest Plea Proceedings." RP at 90-91. Paragraph seven of this document stated the plea was "voluntary and not the result of force, threats or promises other than a plea agreement." RP

at 90. Candelaria initialed this paragraph. Candelaria stated on the record that he wanted to plead guilty. Tape of Plea Hearing, March 30, 1994, (Tape) at 3.30-3.47. He understood he could be sentenced to twelve years. Tape at 5.35. Judge Eastburn found the plea was voluntary. Tape at 14.36.

At the state court evidentiary hearing on Candelaria's motion to withdraw his plea, Judge Eastburn testified he did not observe any argument or disagreement between Candelaria and Mr. Curtis. Tr. at 7. Mr. Curtis testified he believed he influenced Candelaria "to the extent I think a good lawyer representing the interest of his client influences all of his client's decisions." Tr. at 13. Mr. Curtis testified he was extremely forceful with Candelaria. Tr. at 16. Mr. Curtis stated he had "dealt with a lot of criminal defendants over the years and [he] developed an ability to be a very hard charger and a very zealous advocate for what [he thought was] in their best interest." *Id.* Mr. Curtis testified he was "as zealous and as overbearing and as pushy with regard to the plea as [he had] been with anybody."*Id.* Mr. Curtis was concerned that a combination of his aggressive advocacy and Candelaria's youth left Candelaria "in a position where he probably did something he didn't want to do." *Id.* Mr. Curtis' concern arose the day after the plea, when Candelaria told him he had wanted to enter an *Alford* plea instead of a no contest plea. Tr. at 16-17.

However, Mr. Curtis also testified believed the plea was voluntary. Tr. at 17. He testified he did not put any pressure on Candelaria other than "to continue to remind him the facts were difficult against him" and he was in a "bad position." *Id.* Mr. Curtis testified he was extremely zealous in talking about the difficulties of winning the case at trial and tremendous disadvantage in terms of additional prison time if he went to trial and lost. *Id.* Candelaria was facing a maximum term of eighty years in the absence of the plea agreement. Tr. at 17. With the plea agreement, Candelaria was facing a maximum of twelve years. *Id.*

At the state court evidentiary hearing, Candelaria testified Mr. Curtis tried to convince him to take the plea during several meetings between the two of them. Tr. at 30. Just before the plea hearing, Mr. Curtis met with Candelaria and his mother. *Id.* Mr. Curtis again advised him to accept the plea. *Id.* Candelaria's mother advised him not to take it if he did not want to accept it. *Id.* Candelaria testified Mr. Curtis and his mother "kinda got into an argument and it just irritated the heck out of me." Tr. at 30. Candelaria decided to accept the plea because he was "tired of messing with all of it." Tr. at 30. Candelaria testified he lost jobs and friends over the whole situation. *Id.*

Candelaria conceded he voluntarily entered the plea. Tr. at 32. He testified he accepted the plea, not because he felt threatened, but because he felt "more of a peer pressure." *Id.* Candelaria testified he wanted to withdraw his plea because he had time to think about it without being pressured by his attorney and he felt "he would be more happier [sic] going to court and letting a jury decide what is true and what is not true." Tr. at 34.

At the conclusion of the hearing, Judge Onuska found the plea was voluntary. Tr. at 43. He also found the plea agreement barred the state from moving to aggravate the sentence. *Id.* At the sentencing hearing, Judge Onuska commented Candelaria was "extremely articulate, forceful and convincing." Tr. at 24. Judge Onuska believed no one talked Candelaria into admitting guilt. *Id.*

While the record indicates Mr. Curtis strongly advocated that Candelaria take the plea, it does not establish he forced him to accept it. Mr. Curtis concluded in his reasoned, professional judgment that a guilty plea was in Candelaria's best interest. The plea agreement served to reduce Candelaria's exposure by sixty-eight years. The fact that an accused's attorney persuades his client to accept a plea because it is in his best interest does not render the plea involuntary. *Miles v. Dorsey*, 61 F.3d at 1470. Candelaria himself testified at the state evidentiary hearing that the plea was voluntary, albeit

partially the result of "peer pressure." Time pressures, stress, mental anguish, and depression are not sufficient to render a plea involuntary. *Id.* Candelaria's solemn declarations on the record at the plea hearing further establish the voluntary nature of the plea. The state court's determination that the plea was voluntary is not so clearly incorrect that reasonable jurists considering the question would be of one view that the ruling was incorrect. *White v. Scott*, 1998 WL 165162 *2; 28 U.S.C. § 2254(d). Therefore, Candelaria is not entitled to relief under 28 U.S.C. § 2254 with respect to this claim.

Candelaria also claims he did not understand the terms of his plea because he thought he was entering an *Alford* plea, rather than a no contest plea. A plea may be involuntary when an attorney materially misinforms the defendant of the consequences of the plea or of the probable disposition. *Boykin v. Alabama*, 395 U.S. at 242-244, 89 S.Ct. at 1711-1712, 23 L.Ed.2d at ___; *Thomas v. Kerby*, 44 F.3d 884, 886 (10th Cir. 1995); *Laycock v. New Mexico*, 880 F.2d 1184, 1186 (10th Cir. 1989). In order to establish that the plea was involuntary under this theory, Candelaria must show that his attorney misrepresented the consequences of the plea. *Id.*

Candelaria has failed to meet this burden. Both an *Alford* plea and a no contest plea allow the defendant, without admitting guilt, to forego a trial and accept punishment as if he were guilty. With an *Alford* plea, the defendant maintains his innocence. *North Carolina v. Alford*, 400 U.S. 25 (1970).With a no contest plea, the defendant does not contest the charges and does not admit guilt. *State ex rel. Warren v. Schwarz*, 219 Wis.2d 616, 623, 579 N.W.2d 698, 705 (1998), *cert. denied sub nom, Warren v. Wisconsin*, ____ U.S. ____, 119 S.Ct. 415, ____ L.Ed.2d ____ (1998). Under New Mexico law, the legal ramifications of a no contest plea are essentially the same as those of an *Alford* plea. *State v. Hodges*, 118 N.M. 410, 115, 882 P.2d 1, 5 (1994).

At the plea hearing, Mr. Curtis stated Candelaria was entering the no contest plea to minimize

potential civil liability. Tape at 2.08-2.13. Judge Eastburn carefully explained that a no contest plea was the same as a conviction. Tape at 2.19-2.47. Judge Eastburn elaborated the only difference between a no contest plea and a guilty plea pertained to potential civil liability. Tape at 2.19-2.47. Candelaria affirmatively stated on the record that he understood. Tape at 2.50. Thus, Candelaria was told in plain language what his plea meant and stated that he understood. It is clear Mr. Curtis did not misrepresent the consequences of the plea. The state court's determination that the plea was voluntary is not so clearly incorrect that reasonable jurists considering the question would be of one view that the ruling was incorrect. *White v. Scott*, 1998 WL 165162 *2; 28 U.S.C. § 2254(d). Therefore, Candelaria is not entitled to relief under 28 U.S.C. § 2254 with respect to this claim.

Candelaria argues Mr. Curtis provided ineffective assistance of counsel because he pressured him to plead guilty and he failed to investigate the case. In order to establish ineffective assistance of counsel, Candelaria must show his attorney's representation fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Chavez-Marquez*, 66 F.3d 259, 262 (10th Cir. 1995). As Candelaria has the burden of establishing both prongs of *Strickland*, this Court may dispose of his claims of ineffective assistance of counsel on lack of prejudice alone. *Hatch v. Oklahoma*, 58 F.3d 1447, 1457 (10th Cir. 1995), *cert. denied,* 517 U.S. 1235, 116 S.Ct. 1881, 135 L.Ed.2d 176 (1996); *Thomas v. Kerby*, 44 F.3d at 887.

The two-part *Strickland* test applies when a defendant challenges the validity of a guilty plea based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). In the guilty plea context, the first part of the *Strickland* test remains the same

*Id.* In order to establish the second prong, however, the petitioner must show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.; Laycock v. State of New Mexico,* 880 F.2d 1184, 1187 (10th Cir. 1989).

Candelaria conceded he voluntarily entered the plea. Tr. at 13. He testified he accepted the plea, not because he felt threatened, but because he felt "more of a peer pressure." *Id.* At the plea hearing, Mr. Curtis stated Candelaria was entering the no contest plea to minimize potential civil liability. Tape at 2.08-2.13. Judge Eastburn carefully explained that a no contest plea was the same as a conviction. Tape at 2.19-2.47. Judge Eastburn elaborated the only difference between a no contest plea and a guilty plea pertained to potential civil liability. Tape at 2.19-2.47. Candelaria affirmatively stated on the record that he understood. Tape at 2.50. Thus, Candelaria was told in plain language what his plea meant and stated that he understood.

It is clear Mr. Curtis did not misrepresent the consequences of the plea. It is equally clear Mr. Curtis did not coerce Candelaria to plead guilty. The declarations of Candelaria at the plea hearing and the evidentiary hearing on his motion to withdraw the plea demonstrate Mr. Curtis had fully explained the consequences of the plea as well as the dangers of trial. Moreover, the record firmly establishes Mr. Curtis did not force him to accept the plea. Candelaria has failed to demonstrate Mr. Curtis' representation fell below an objective standard of reasonableness. Mr. Curtis did not provide ineffective assistance of counsel with respect to the guilty plea.

Candelaria also contends Mr. Curtis was ineffective because he failed to investigate the case. "Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In an ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy

measure of deference to counsel's performance.'" *Strickland v. Washington*, 466 U.S. at 691, 104 S.Ct. at 2066, 80 L.Ed.2d at ____; *Miles v. Dorsey*, 61 F.3d at 1475. Mr. Curtis testified he reviewed the police reports, cross examined the witnesses at the preliminary hearing and throughly evaluated the case. Tr. at 2. He also testified he discussed the facts and potential defenses with Candelaria. *Id*. This was a reasonable investigation under the circumstances. Candelaria has also failed to demonstrate Mr. Curtis erred in his performance so as to prejudice him within the meaning of *Strickland. Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1537 (10th Cir. 1994). The state court's determination that the plea was voluntary is not so clearly incorrect that reasonable jurists considering the question would be of one view that the ruling was incorrect. *White v. Scott*, 1998 WL 165162 *2; 28 U.S.C. § 2254(d). Therefore, Candelaria is not entitled to relief under 28 U.S.C. § 2254 on his claim of ineffective assistance of counsel.

## RECOMMENDED DISPOSITION

The Petition for a Writ of Habeas Corpus, brought by a person in state custody pursuant to 28 U.S.C. § 2254, should be denied.


**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE**

Within ten days after a party is served with a copy of these amended proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such amended proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the amended proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.